KORNBURG, RESPONDENT, *v.* THE BOARD OF COM-
MISSIONERS OF DEER LODGE COUNTY, APPEL-
LANT.

BOUNDARY COMMISSION— *Counties—Liability under Act of February* 8, 1889.—A
certificate showing the total amount due a surveyor employed as provided by
the Act of February 8, 1889, creating a boundary commission for the survey of
the boundaries of certain counties, and empowering such commission to ascer-
tain the expenses incurred in such survey, and to certify to and file with
the county clerks of their respective counties the amount thereof, is removed
from the operation of section 762, fifth division of the Compiled Statutes, pro-
viding that no account shall be allowed by the board of county commissioners
unless itemized; and such surveyor is entitled to payment upon the certificate
of the boundary commission.

SAME— *Action by surveyor employed by boundary commission.* —In an action
against a county by such surveyor to recover the amount certified by said com-
mission as due him, he may sue for the personal services of himself, assistants,
and expenses of the commission, such commission having been empowered by
the said act to employ a surveyor with the necessary assistants.

*Appeal from Third Judicial District, Deer Lodge County.*

The cause was tried before DURFEE, J.    Plaintiff had judg-
ment below.

Statement of the case by the judge delivering the opinion.

The action is by the plaintiff, as surveyor, employed under
the provisions of the Act of February 8, 1889, 16th Sess., page
231.    That act provides for the survey of the boundaries be-
tween the counties of Deer Lodge, Missoula, Silver Bow, and
Beaverhead; that a commissioner shall be appointed by the
county commissioners of each county interested, who shall con-
stitute the boundary commission.    Their duties are specifically
defined.    The sections of the act material to this inquiry are:—

"Sec. 5.    That the said commissioners shall be, and they are
hereby authorized and empowered to employ a competent sur-
veyor with the necessary assistants, who shall be paid *pro rata*
by the respective counties interested, by warrants drawn on the
contingent fund thereof.

"Sec. 8.    That all expenses incurred under the provisions of
this act shall be ascertained by the commissioners appointed under
the provisions of section 1 of this act, and by them certified to and
filed in the office of the county clerk of their respective counties."

There is a stipulation in the record as to what was the evidence in the case, and from that and the pleadings the following facts appear: That the several counties duly appointed their respective boundary commissioners; that the commission met as provided, and marked the boundaries as contemplated by the act; that plaintiff is a competent surveyor; that the commission employed him with necessary assistants to aid in performing the duties imposed by the commission; that plaintiff performed said services; that said boundary commission had a full and complete accounting with the plaintiff; that on said accounting there was found to be due plaintiff from the county of Deer Lodge, as the one fourth of the value of the whole services, the sum of $1,826.44; that the boundary commissioners ascertained that said amount was due to plaintiff from Deer Lodge County, and certified the same, and filed said certificate in the office of the county clerk of said county. Two certificates seem to have been filed, one a certificate of the amount due plaintiff from Deer Lodge County alone, $1,826.44, and stating that the sum had been carefully computed. The other certificate gave the total due from the four counties, and presented it in four items, as follows: Surveyor's wages, board of men, men's wages, $5,372; for general expenses, transportation, and fitting out, $1,633.75; for office work, field notes, and survey, $300.

The plaintiff demanded from the commissioners of Deer Lodge County that this sum so certified be paid, which was refused. The said commissioners demanded from plaintiff an itemized bill for his services, which was refused. The plaintiff on the trial in the District Court recovered judgment for the full amount of his claim, interest, and costs. The county appeals.

Section 762 of the General Laws of the Compiled Statutes provides: "No account shall be allowed by the board of county commissioners unless the same shall be made out in separate items, and the nature of each item stated; nor unless the same be verified by affidavit, showing that the said account is just and wholly unpaid; and if the same be for official services for which no specified fees are fixed by law, the time actually and necessarily devoted to such service shall be stated; but nothing

in this section shall prevent such board from disallowing any account, in whole or in part, when so rendered and certified."

The defendant county resists payment on two grounds: (1) That they are not bound to pay on the certificate of the boundary commission, but may require under the provisions of said section 762 an itemized bill of the services before they are liable to pay. (2) That plaintiff sues, not only for his personal services, but for those of his assistants, and the expenses of the commission, except the commissioners' *per diem* compensation.

*W. S. Shaw*, County Attorney, and *Robinson & Stapleton*, for Appellant.

Plaintiff was not entitled to maintain the action unless he had complied with the provisions of section 762 of the Compiled Statutes, page 846, which provides that all claims against a county shall be itemized, etc., before they shall be allowed. The Act of 1889 did not repeal section 762, above referred to, and if the latter section was not repealed the board of commissioners of Deer Lodge County was right in rejecting the claim and not allowing the same, and this action could not be maintained. Section 762 is not in direct terms repealed. If it is repealed at all, it is by implication. Repeals by implication are not favored, and the two acts must be so inconsistent that both cannot stand. Such is not the case in this instance. (Sedgwick on Statutory Construction [2d ed.], pp. 98, 105, 106; *People* v. *Platt*, 67 Cal. 22; *United States* v. *Claflin*, 97 U. S. 551; *Merrill* v. *Gorham*, 6 Cal. 43; *Crosby* v. *Patch*, 18 Cal. 439; *People* v. *San Francisco etc. R. R. Co.* 28 Cal. 256; *People* v. *Gerke*, 37 Cal. 229.)

The Act of 1889, above referred to, as to the mode of ascertaining the compensation of the surveyor, is not in conflict with said section 762; the latter is a law for the protection of the several counties against fraud and imposition. The only apparent conflict between the two statutes is that section 8 of the latter act provides that the commissioners shall ascertain and certify the expenses, etc. This provision is not in conflict with section 762. The boards of county commissioners may still

require an itemized account, and are prohibited from allowing an account unless so itemized. An itemized account should have been furnished; the certificate of the boundary commissioners is not conclusive, it is not made so by the Act of 1889. (*Christie* v. *Board of Supervisors,* 60 Cal. 164.) Unless it was so made conclusive by statute it would not be in conflict with section 762, above referred to, and would not repeal the latter section.

*Forbis & Forbis,* for Respondent.

The claim of the respondent is that the plaintiff must furnish an itemized bill, as required in section 762 of the Compiled Statutes, page 846. So far as any ordinary claim is concerned, we would not dispute with the appellant the necessity of furnishing an itemized bill, for that is expressly provided for by statute. But in the present case the statute has made other provision, and has not made the board of county commissioners the auditing board, but has devolved that duty upon another board, namely, the board of boundary commission. What is the necessity for rendering an itemized account to the commissioners? Simply that they may audit the bill correctly. If the auditing or ascertaining of the amount of the bill is delegated to some other person or board, then the necessity for a bill of items is done away with. We do not contend that section 762 of the statutes is repealed. There is no room for such a construction. But we do contend that this particular account was taken out of the provisions of that section; that a different rule for auditing this account from other regular county expenses was established by the legislature. Certainly the legislature that conferred the authority given under section 762 could, if it saw proper, confer a like authority upon some other board to be established in a legal manner. This is what we claim was done in the passage of the Act of February 8, 1889.

DE WITT, J. — It is undoubtedly the law that in accordance with the provisions of section 762 of the General Laws, it is the duty of the commissioners of a county to require an account to be made in items, before they allow it. But the law making this requirement emanated from the legislature and not from the

Constitution.  The same authority, viz., the legislature, which provided a method to be followed in allowing accounts generally against a county, had power to provide a different method for certifying and allowing a particular account.  This power they exercised in unequivocal terms, in section 8 of the Act of February 8, 1889.  The account of plaintiff was to be ascertained and certified by a board specially provided for the purpose, the board of boundary commissioners.  Section 762 was not repealed.  No one pretends that it was.  But the one subject of the account in question was taken out of its operation, and given to another board.  That board had authority and jurisdiction in its special matter from the same high source as does the board of county commissioners generally.  When the boundary commission had acted within its powers, as it did, and in absence of fraud, collusion, or bad faith, the board of county commissioners had no province in the premises but to pay the account as certified by the proper authority.  The resistance of the county commissioners is beyond our understanding.

The second ground of defense by the appellant seems equally untenable.  The boundary commission were empowered to employ " competent surveyor with necessary assistants."  The office of the commission was to make a survey.  Necessarily, the only expenses of the commission (outside of the commissioners *per diem*, which is provided for in another section of the act), would be for a survey.  The reasonable construction of the act is that the commission should employ a surveyor with his own equipment, instruments, and assistants.  It would be an unnatural construction of the act to hold that the surveyor should employ a surveyor separately, and then hire assistants, and buy or rent instruments, tools, and equipment.  These accessories are all found with a surveyor as part of the implements of his craft. They belong with him as naturally as the tools of the carpenter or the library of the lawyer.  The commission properly employed the surveyor, and he provided his own ordinary means of executing his work, and put in his whole account for the service to the auditing board provided by law, and it successfully passed the careful scrutiny of that board, the members of which had been chosen, and their capacity and integrity approved by the boards of commissioners of the four counties

interested. The contention of the appellant seems to be without substantial merit.

The judgment of the District Court is affirmed.     .

BLAKE, C. J., and HARWOOD, J., concur.